Adam B. Nach – 013622
Joel F. Newell – 025296
**LANE & NACH, P.C.**
2001 East Campbell Avenue, Suite 103
Phoenix, Arizona 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: joel.newell@lane-nach.com

Attorneys for Brian J. Mullen, Plaintiff

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>LARRY BRENT AVERETT and KRISTI BINA AVERETT fka KRISTI JENSEN,<br><br>Debtors.<br><br>BRIAN J. MULLEN, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>SIDELLA C. METCALF and JOHN DOE METCALF,<br><br>Defendants. | (Chapter 7 Case)<br><br>Case No. 2:12-bk-19631-PS<br><br>Adversary No. 2:14-ap-00574-PS<br><br>**COMPLAINT TO AVOID TRANSFER (11 U.S.C. §§ 547, 548, 550, AND 551)** |

Brian J. Mullen, Chapter 7 Trustee and Plaintiff herein, by and through his attorneys undersigned, for his Complaint against Sidella C. Metcalf and John Doe Metcalf, ("Defendants"), respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b).

2. This is a "core" proceeding as defined in 28 U.S.C. §157(b)(2)(A) (E) (F) and (H).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1409.

4. Pursuant to Federal Rule of Bankruptcy Procedure 7001, a proceeding to recover money or property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

5. Plaintiff is permitted to commence this adversary proceeding on behalf of the Estate pursuant to Federal Rules of Bankruptcy Procedure, Rule 6009.

6. Upon information and belief, Defendants are residents of the State of Utah a portion of the calendar year; and, residents of the State of Wyoming a portion of the calendar year.

7. Upon information and belief, all acts complained of herein were done for the benefit of and on behalf of the marital community of the Defendants. When the true identity of John Doe Metcalf is ascertained, Plaintiff will seek leave of the Court to amend this Complaint regarding the same.

8. Upon information and belief, all events complained of herein occurred in this District.

## **GENERAL ALLEGATIONS**

9. On or about August 31, 2012 ("Petition Date"), Larry Brent Averett and Kristi Bina Averett fka Kristi Jensen ("Debtors") filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code ("Petition Date"). On January 28, 2014, the Debtors converted to Chapter 7 of Title 11 of the United States Code ("Conversion Date").

10. Brian J. Mullen is the duly qualified and acting Chapter 7 Trustee herein (hereinafter "Plaintiff" or "Trustee").

11. Upon information and belief, Defendant Sidella C. Metcalf is the joint Debtor's mother and therefore is an insider as defined in 11 U.S.C. § 101(31)(A)(i).

12. Upon information and belief, pre-Petition the Defendant loaned to the Debtors not less than $30,000.00.

13. Pursuant to the Debtors' amended Statement of Financial Affairs, on or around June 12, 2012, Debtors transferred $30,000.00 to Defendants ("Transfer"). *See* **Exhibit "A"** (Amended Statement of Financial Affairs) attached hereto and incorporated herein by reference.

14. Upon information and belief, the Transfer was a 3.25 carat marquee diamond ring.

15. Pursuant to the Debtors' Schedules of Assets and Liabilities, on the Petition Date the Debtors owned approximately $280,524.87 in assets and approximately owed $420,456.97 in outstanding liabilities as of the Petition Date.

16. Upon information and belief, Debtors transferred the diamond ring in order to satisfy a $30,000.00 debt owed to the Defendant.

17. Upon information and belief, the diamond ring is valued in the amount of not less than $30,000.00.

## COUNT 1

### AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER

### (11 U.S.C. §§ 547, 550, and 551)

18. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

19. Upon information and belief, the Transfer was made with property of the Debtors.

20. Debtors' voluntary or involuntary Transfer constitutes a "transfer" as defined in 11 U.S.C. § 101(54).

21. Upon information and belief, the Transfer was for the benefit of the Defendants.

22. Upon information and belief, Defendants were creditors of the Debtors pursuant to 11 U.S.C. § 547(b)(1).

23. Upon information and belief, the Transfer was made in satisfaction of an antecedent unsecured debt of the Debtors pursuant to 11 U.S.C. § 547(b)(2).

24. Upon information and belief, the Transfer was made at a time when Debtors were insolvent pursuant to 11 U.S.C. § 547(b)(3), moreover, the Debtors were presumed insolvent under 11 U.S.C. § 547(f) during the time the Transfer occurred.

25. Upon information and belief, the Transfer occurred within the one-year period prior to the Petition Date as set forth in 11 U.S.C. § 547(b)(4).

26. Pursuant to 11 U.S.C. § 547(b)(5), the Transfer enabled Defendants to receive more than they would have received under Chapter 7 of Title 11, United States Code if the Transfer had not occurred, and if Defendants had received payment of such debt to the extent provided by Title 11 of the United States Code.

27. Pursuant to 11 U.S.C. § 550, Plaintiff may recover the Transfer from Defendants, and the Transfer is preserved for the benefit of the Estate pursuant to 11 U.S.C. §551.

28. Pursuant to 11 U.S.C. §§547 and 550, Plaintiff is entitled to an order of this Court requiring Defendants to turnover such property to Plaintiff or the value thereof.

WHEREFORE, Plaintiff prays for judgment against Defendants Sidella C. Metcalf and John Doe Metcalf, as follows:

    A.    Determining that the Transfer of the 3.25 carat diamond ring was a preferential transfer pursuant to 11 U.S.C. § 547, and that the same be set aside and avoided;

    B.    To the extent that the Estate's interest in the Property has been transferred or otherwise disposed of, the entry of Judgment for the equivalent value of the Transfer in the amount of not less than $30,000.00 against Defendants Sidella C. Metcalf and John Doe Metcalf, jointly and severally, pursuant to 11 U.S.C. §§ 547 and 550;

    C.    Preserving the Transfer for the benefit of the Estate pursuant to 11 U.S.C. §551;

    D.    For interest thereon at the highest rate allowable by law until paid in full;

    E.    For Plaintiff's reasonable costs, and in the event of default, Plaintiff's filing fee and service costs;

    F.    For Plaintiff's reasonable attorneys' fees incurred herein; and,

    G.    For such other and further relief as this Court deems just and proper.

## COUNT 2

### AVOIDABLE FRAUDULENT TRANSFERS

### 11 U.S.C. §§ 548, 550, and 551

29. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

30. The Transfer constitutes a transfer of interest of the Debtors pursuant to 11 U.S.C. § 548(a)(1).

31. Upon information and belief, during the two (2) years immediately preceding the Petition Date; Defendants may have been the recipient of other transfer(s) from the Debtors (or the benefit of such transfer(s)) by cash, checks, wire transfers or other bank transfers which are also included in the which are also included in the Transfer. To the extent such additional transfer(s) are discovered the same are incorporated as if more fully set forth herein.

32. Upon information and belief, the Transfer was made with the actual intent to hinder, delay or defraud Debtors' creditors pursuant to 11 U.S.C. § 548(a)(1)(A) or the Debtors received less than a reasonably equivalent value in exchange for such transfers or obligations and (a) was insolvent on the date

that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (b) was engaged in business or a transaction or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; (c) intended to incur, or believed that the Debtors would incur, debtor that would be beyond the Debtors' ability to pay as such debts matured; or (c) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business pursuant to 11 U.S.C. § 548(a)(1)(B).

33. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover the property transferred or the value of such property from (1) the initial transferee of such transfer or the entity for who benefit such transfer was made, or (2) any immediate or mediate transferee of such initial transfer.

34. The avoidance of the Transfer pursuant to 11 U.S.C. § 548 is preserved for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551.

WHEREFORE, Plaintiff prays for judgment against Defendants Sidella C. Metcalf and John Doe Metcalf, as follows:

A. Determining that the Transfer of the 3.25 carat diamond ring was an avoidable transfer pursuant to 11 U.S.C. § 548, and that the same be set aside and avoided;

B. To the extent that the Estate's interest in the Property has been transferred or otherwise disposed of, the entry of Judgment for the equivalent value of the Transfer in the amount of not less than $30,000.00 against Defendants Sidella C. Metcalf and John Doe Metcalf, jointly and severally, pursuant to 11 U.S.C. §§ 547 and 550;

C. Preserving the Transfer for the benefit of the Estate pursuant to 11 U.S.C. §551;

D. For interest thereon at the highest rate allowable by law until paid in full;

E. For Plaintiff's reasonable costs, and in the event of default, Plaintiff's filing fee and service costs;

F. For Plaintiff's reasonable attorneys' fees incurred herein; and,

G. For such other and further relief as this Court deems just and proper.

///

///

RESPECTFULLY SUBMITTED this 11th day of July, 2014.

**LANE & NACH, P.C.**

By  JFN- 025296
 Adam B. Nach
 Joel F. Newell
 Attorneys for Plaintiff