Mike Denny — 027842
THE DENNY LAW GROUP, PLLC
2942 N. 24th Street, Ste. 114
Phoenix, AZ 85016
(480) 382-4257
(623) 505-9747 (fax)
mdenny@azbar.org

Attorney for Defendant.

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | |
| LARRY BRENT AVERETT and KRISTI BINA AVERETT fka KRISTI JENSEN, | In Chapter 7 Proceedings |
| Debtors. | Case No. 2:12-bk-19631-PS |
| | Adversary No. 2:14-ap-00574-PS |
| BRIAN J. MULLEN, Chapter 7 Trustee, | |
| Plaintiff, | **ANSWER** |
| v. | |
| SIDELLA C. METCALF and JOHN DOE METCALF, | |
| Defendants. | |

Sidella C. Metcalf, Defendant herein, by and through undersigned counsel, for her answer against Brian J. Mullen, respectfully answers as follows:

1. Admits the allegations of paragraphs 1, 2, 3, 4, 5.

2. Admits the allegations of paragraph 6 to the extent that Defendant is a citizen of the state of Wyoming.

3. Admits the allegations of paragraph 7 to the extent that Defendant was married to Colonel Donald J. Metcalf, a previous owner of the diamond ring in dispute. Defendant is now a widow.

4. Denies the allegations of paragraph 8 to the extent that she can neither admit nor deny that all events complained of occurred in the District of Arizona.

5. Admits the allegations of paragraphs 8, 9, 10, and 11.

6. Denies the allegations of paragraph 12 that pre-petition Defendant loaned to the Debtors not less than $30,000.

7. Denies the allegations of paragraph 13 that a transfer was made of $30,000 on or about June 12, 2012.

8. Denies the allegations of paragraph 14.

9. Admits the allegations of paragraph 15.

10. Denies the allegations of paragraph 16.

11. Denies the allegations of paragraph 17.

12. Denies all allegations of Counts 1 and 2, paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34.

Specifically, Defendant answers that she is the true owner of the ring, and has been the owner of the ring since the late 1990s. Defendant answers that any possessory interest of the ring with Debtors was for engagements and events, and that Debtors have had no possessory interest in the ring since approximately 2005, when the ring was returned to Defendant.

WHEREFORE, having fully defended against Plaintiff's allegations, Defendant prays this Court for the following relief:

A. That Plaintiff's Complaint be dismissed and that Plaintiff take nothing thereby,

B. That the Defendant be awarded her costs in defending against this action, including reasonable attorney's fees,

C. For such other relief as this Court deems just and reasonable under the circumstances.

RESPECTFULLY SUBMITTED this 15th day of August, 2014.

                                        THE DENNY LAW GROUP, PLLC

                                        /s/Mike Denny
                                        Mike Denny
                                        Attorney for Defendant

COPY of the foregoing Answer
electronically sent and mailed
this 15th Day of August, 2014 to:

Lane & Nach, P.C.
Adam B. Nach
Joel F. Newell
2001 East Campbell Avenue, Ste. 103
Phoenix, AZ 85016


Mike Denny
Mike Denny